## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMER KHAN AND ANIKA KHAN, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | Civil Action |
| v. | : | |
| | : | No. 2:25-cv-4721-JMY |
| AMAZON LOGISTICS, INC, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |

## MEMORANDUM

**Younge, J.**                                                    **January 23, 2026**

Currently before this Court is Defendant Amazon Logistics, Inc.'s Notice of Removal, ECF No. 1, Plaintiffs' Motion to Remand, ECF No. 9, Plaintiffs' Memorandum in support of their Motion to Remand, ECF No. 9-1 ("Pls.' Br."), and Amazon Logistics, Inc.'s Response in Opposition, ECF No. 12-1 ("Defs.' Opp'n Br.").[1] For the reasons set forth in this Memorandum, Plaintiffs' Motion to Remand is granted.[2]

### I.    Background

This case arises out of a July 25, 2023, motor vehicle collision that occurred in Montgomery County, Pennsylvania, when Plaintiffs were struck by a truck alleged to be owned and operated by Defendant Amazon Logistics, Inc. ("Amazon"). On July 16, 2025, Plaintiffs filed this action in the Court of Common Pleas of Philadelphia County, asserting various negligence claims. In addition to Amazon, Plaintiffs' Complaint also named Doe and ABC as fictitious

---

[1] When applicable, the Court adopts the pagination supplied by the CM/ECF docketing system, which does not always match the document's internal pagination.

[2] The Court finds this Motion appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7.1(f).

defendants to preserve claims against the unknown truck driver, who allegedly fled the scene, as well as any corporate entities that may have been involved in contracting with or employing that driver. Pls.' Br. 4–5. Pursuant to Pennsylvania Rule of Civil Procedure 1021(b), the Complaint averred damages "in excess of $50,000" to designate the matter for the major jury track. ECF No. 1-1. The Complaint did not, however, explicitly allege damages exceeding $75,000. *Id.*

On August 15, 2025, Defendant Amazon filed a Notice of Removal in this Court pursuant to 28 U.S.C. §§ 1332 and 1441, asserting diversity jurisdiction on the grounds that Plaintiffs and Defendant Amazon (the only non-fictitiously named defendant) are citizens of different states and claiming that the amount in controversy exceeds $75,000. ECF No. 1. On August 29, 2025, Plaintiffs moved to remand this matter to the Philadelphia Court of Common Pleas. ECF No. 9.

Since the filing of Plaintiff's Motion to Remand, the parties have continued to aggressively litigate various aspects of this case. *See, e.g.*, ECF Nos. 26, 30, 31, 32. However, none of these subsequent filings bear on the amount in controversy, which is the primary issue pertinent to Plaintiff's Motion to Remand.

## II.    Discussion

Because Defendant Amazon has not shown by a preponderance of the evidence that the amount in controversy requirement has been satisfied, removal was improper, and this case is remanded to the Court of Common Pleas of Philadelphia County.

### A.    Applicable Law

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." As relevant here, one way in which a district court may have original jurisdiction is through the diversity statute. 28 U.S.C. § 1332. Pursuant to this statute, "district courts shall have original

jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332. The parties dispute whether this amount in controversy requirement has been met. If it is not met, the Court must remand the case for lack of subject matter jurisdiction.

In order for the Court to apply the appropriate legal standard and determine which party prevails, there are three scenarios that must be distinguished. In the first scenario, a plaintiff invokes federal court jurisdiction. In that case, "the plaintiff's amount-in-controversy allegation is accepted if made in good faith." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87–89 (2014). In the second scenario, a defendant seeks federal court jurisdiction, asserting that the amount in controversy requirement has been satisfied, and the plaintiff does not contest this allegation. In that case, "the defendant's amount-in-controversy allegation should be accepted." *Id.*; *see id.* (in such a circumstance, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"). In the third scenario, a defendant seeks federal court jurisdiction, and the plaintiff contests the defendant's amount in controversy allegation. In that case, 28 U.S.C. § 1446(c)(2)(B) instructs: "removal ... is proper on the basis of an amount in controversy asserted" by the defendant "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional threshold. In other words, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee*, 574 U.S. at 88.

This case fits squarely into the third scenario: Plaintiff brought the case in the Philadelphia Court of Common Pleas, Defendant Amazon sought federal court jurisdiction by removing the case to this Court on the basis of diversity, and Plaintiff filed a Motion to Remand contesting

whether the amount in controversy requirement had been met. Thus, the preponderance of the evidence standard applies.

Of additional relevance is the fact that in the Third Circuit, "removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *In re Briscoe*, 448 F.3d 201, 217 (3d Cir. 2006); *cf. Dart Cherokee*, 574 U.S. at 89 ("We need not here decide whether such a presumption [against removal] is proper in mine-run diversity cases").

In sum, the Court applies the preponderance of the evidence standard, giving the benefit of the doubt to Plaintiff's preference for remand.

### B.    Analysis

Here, neither party has offered much in the way of concrete evidence supporting their position. Plaintiffs assert merely that their Complaint "alleged damages in excess of $50,000 solely to satisfy Pennsylvania's major jury designation rule, but did not allege damages exceeding $75,000." ECF No. 9-1 at 7. Defendant Amazon, for its part, relies on the fact that Plaintiffs seek punitive damages and have claimed many injuries:

> Plaintiff Amer Khan's medical records reveal that his claimed injuries are neck pain, headaches, and low back pain that required twenty-seven (27) physical therapy appointments and eleven (11) sessions with a chiropractor. Plaintiff Anika Khan's claimed injuries include cervicalgia, concussion, and pain in thoracic and lumbar spine, which required four months of physical therapy, chiropractic care, and treatment at a facility that specializes in brain injury and neurological recovery.

Defs.' Opp'n Br. 11.

But Defendant Amazon's showing is insufficient for two reasons. First, Defendant Amazon does not explain why the asserted injuries amount to damages exceeding $75,000, and this Court is certainly in no position to speculate as to the costs of various medical procedures. *See Appleton v. State Farm Mut. Auto. Ins. Co.*, No. 1:25-CV-00116-SPB, 2025 WL 2371907, at *2 (W.D. Pa. Aug. 15, 2025) (citing *Dorley v. Save-a-Lot*, 2016 WL 6213074, at *2 (E.D. Pa. Oct. 25, 2016)

4

("If, after reading a defendant's notice of removal, 'the court is left to guess at whether the jurisdictional threshold has been met, then a removing defendant has not carried its burden.'"); *see also Rossi v. Neumayr*, No. 3:20-CV-00844, 2020 WL 6710428, at *2 (M.D. Pa. Nov. 16, 2020) (citing *Shygelski v. Allstate Fire & Cas. Ins. Co.*, No. 3:16-CV-00576, 2016 WL 1463774, at *2 n.2 (M.D. Pa. Apr. 14, 2016) ("the fact that [Plaintiff's] complaint seeks compensatory damages in excess of $50,000 'proves nothing about the actual amount in controversy' because such a demand is generally necessary under Pennsylvania law to avoid compulsory arbitration and therefore 'amounts to little more than boilerplate.'").

Second, it is true that to satisfy the amount in controversy requirement, claims for punitive damages that are not "patently frivolous and without foundation" may be aggregated with claims for compensatory damages. *Huber v. Taylor*, 532 F.3d 237, 244 (3d Cir. 2008). However, that does not mean that the possibility of punitive damages alone is enough to satisfy the amount in controversy requirement. *See Saunders v. Esurance Ins. Services, Inc.*, 2024 WL 2060496, at *2 (W.D. Pa. May 8, 2024) ("speculative arguments as to the punitive damages a party could recover are generally insufficient to establish subject matter jurisdiction.").

Absent an accounting of why Plaintiffs are wrong as to the damages at issue in this case, the Court will defer to Plaintiffs' forum choice and remand this action to the Court of Common Pleas of Philadelphia County.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand is granted. An appropriate Order follows.


**IT IS SO ORDERED.**

5

BY THE COURT:


*/s/ John Milton Younge*

**Judge John Milton Younge**